IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ronald Bernard Jones (#08062707), </br> Plaintiff, </br> vs. </br> H. Wayne DeWitt, </br> Sheriff of Berkeley County, </br> Defendant. | Civil Action No. 6:09-3011-DCN-WMC </br> **REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendant's motion to dismiss the plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff, a pretrial detainee at the Hill-Finklea Detention Center ("HFDC") who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The sole named defendant in the case, H. Wayne DeWitt, Sheriff of Berkeley County, has moved to dismiss for failure to state a claim. The plaintiff opposes the motion. Sheriff DeWitt argues:

> [The plaintiff] alleges that various conditions of his confinement in the Berkeley County Detention Center violate his constitutional rights. He seeks $7,200,000.00 in compensatory damages. . . . The indulgence shown to *pro se* litigants does not relive them of the obligation to provide each defendant with fair notice of the facts upon which his or her liability rests. *See Bell Atl. Corp.*, 127 S.Ct. at 1964 (quoting *Conley*, 355 U.S. at 47) Thus, "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent

> as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *Brzozowski v. Randall*, 281 F.Supp 306, 312 (E.D. Pa. 1968). Here, in the instant case, Plaintiff fails to even mention Sheriff DeWitt in conjunction with any of his claims.

(Def. m. to dismiss 2).

In his complaint and amended complaint,[1] the plaintiff alleges a laundry list of unconstitutional prison conditions to include: (1) failure to isolate inmates with staph infections; (2) non-operational emergency call button(s); (3) overcrowding; (4) unsanitary environment; (5) inadequate medical services; (6) lack of a grievance system; (7) mishandling of mail and money; (8) and continuous lighting in cells (disturbing sleep patterns). He alleges that defendant Sheriff DeWitt is "in charge of" the detention center and that he has given Sheriff DeWitt "ample time to review, discuss, negotiate, and consider the aforementioned claims."

This court finds that the plaintiff has given the defendant fair notice of the facts upon which his claims rest. Accordingly, the motion to dismiss (doc. no. 27) should be denied. This court further recommends that the defendant be given an opportunity to submit a motion for summary judgment.

s/William M. Catoe
United States Magistrate Judge

April 14, 2010

Greenville, South Carolina

---

[1] In his letter sent along with his amended complaint, which was filed on February 1, 2010, the plaintiff indicated that the document was meant to supplement his original complaint rather than replace it (*see* doc. no. 23).

2