IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ronald Bernard Jones (#08062707), | ) |
| Plaintiff, | ) Civil Action No. 6:09-3011-DCN-WMC |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| H. Wayne DeWitt, Sheriff of Berkeley County, | ) |
| Defendant. | ) |

This matter is before the court on the plaintiff's motion for a temporary restraining order. The plaintiff, a pretrial detainee at the Hill-Finklea Detention Center ("HFDC") who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983 and submit findings and recommendations to the District Court.

In his complaint and amended complaint,[1] the plaintiff alleges a laundry list of unconstitutional prison conditions to include: (1) failure to isolate inmates with staph infections; (2) non-operational emergency call button(s); (3) overcrowding; (4) unsanitary environment; (5) inadequate medical services; (6) lack of a grievance system; (7) mishandling of mail and money; (8) and continuous lighting in cells (disturbing sleep patterns).

In the plaintiff's motion, styled as a "Motion for Temporary Injunction," he asks this court to intervene and offer relief in the form of an inspection of the detention facility by "[f]ederal jail inspectors" and further requiring a report to be issued concerning the inspection.

---

[1] In his letter sent along with his amended complaint, which was filed on February 1, 2010, the plaintiff indicated that the document was meant to supplement his original complaint rather than replace it (*see* doc. 23).

Finally, the plaintiff seeks the court's intervention requiring defendant Sheriff DeWitt to enter into monetary negotiations with him concerning his alleged injuries.

To obtain a preliminary injunction, the plaintiff must demonstrate "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council. Inc.*, 129 S. Ct. 365, 374 (2008); *Real Truth About Obama, Inc. v. Federal Election Comn.*, 575 F.3d 342, 347 (4th Cir. 2009) (finding that "because of its differences with the *Winter* test, the *Blackwelder* balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit"). *See Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, *1 (D.S.C. August 18, 2009) (applying *Winter* standard). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, * 1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

The plaintiff cannot demonstrate any of the required elements. He has not provided this court with proof that he will suffer immediate and irreparable harm if an inspection by federal jail inspectors is not performed. While an inspection might not "harm" the defendant, the plaintiff has provided nothing in the instant motion to suggest that he will ultimately prevail on the merits of his claim. Likewise, he does not offer anything to show that his requested relief is in the public interest. Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269-70 (4th Cir. 1994).

Based upon the foregoing, this court recommends that the motion for temporary restraining order (doc. 37) be denied.

May 13, 2010  s/William M. Catoe
Greenville, South Carolina  United States Magistrate Judge