IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ronald Bernard Jones (#08062707), ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> H. Wayne DeWitt, ) <br> Sheriff of Berkeley County, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 6:09-3011-DCN-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendant's motion for summary judgment (doc. 50). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

### **FACTS PRESENTED**

The plaintiff was a pretrial detainee at the Hill-Finklea Detention Center ("HFDC") awaiting trial on larceny and burglary charges at all times relevant to his complaint. He first entered HFDC on June 27, 2008 (def. m.s.j., ex. 2). He was noted to have a violent history and was initially assigned a custody/security level of "B" (*id.*). On his medical questionnaire it was noted that he has a history of drug addiction but no other medical issues (*id.*, ex. 3).

In his complaint and amended/supplemental complaint, the plaintiff alleges the following prison conditions violate his constitutional rights: (1) failure to isolate inmates with staph infections, (2) non-operational emergency call button(s), (3) overcrowding, (4) unsanitary environment, (5) inadequate medical services, (6) lack of a grievance system, (7) mishandling of mail and money, and (8) harsh lighting conditions on cell blocks. He alleges that defendant Sheriff DeWitt is "in charge of" the detention center and that he has given Sheriff DeWitt "ample time to review, discuss, negotiate, and consider the aforementioned claims." He seeks a collective monetary remedy of $7,200,000.00.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The plaintiff's claims fail on the merits.[1] Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). Where a pretrial detainee complains of prison conditions, the proper inquiry is whether the conditions of his confinement amount to punishment before a proper adjudication of guilt. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). Not every hardship suffered during pretrial detention amounts to "punishment" in the constitutional sense. *Id.* (citing *Bell,* 441 U.S. at 53). "'[I]t is obduracy and wantonness, not inadvertence

---

[1] The defendant also argues that the plaintiff failed to exhaust his administrative remedies. Since this court finds the claims fail on the merits, this argument will not be addressed.

3

or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" *Moore v. Winebrenner*, 927 F.2d 1312, 1316 (4th Cir. 1991) (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)).

To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir.1991)). Further, a plaintiff must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition. *See id.* at 1380-81.

Here, the plaintiff has failed to show that Sheriff DeWitt was deliberately indifferent to the conditions he alleges. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk). Further, he has not demonstrated that the defendant failed to provide him with humane conditions of confinement or that he suffered a serious or significant physical or mental injury as a result of the alleged conditions of his confinement. Further, the plaintiff's allegations are general in nature, and they do not contain the requisite specificity in order to constitute a violation of his constitutional rights under the Fourteenth Amendment. Speculations of possible future injury do not meet the required standard. Based upon the foregoing, summary judgment is appropriate on the plaintiff's conditions of confinement claims.

As an attachment to his response in opposition to the motion for summary judgment, the plaintiff submitted an unsworn document stating that he was "a victim in pretty serious gang style assault" in April 2010 at the HFDC (pl. resp. m.s.j., attach. 5).

According to the plaintiff, he was charged with assault and battery of a high and aggravated nature as a result of the incident. He claims he is a victim and the warrant should be dropped, and he also claims that he had previously complained to employees at HFDC about the "gang style things" that go on there. The plaintiff's allegations are unrelated to any claims in his complaint or amended complaint and are thus inappropriate for consideration in this case.

The plaintiff alleges the following medical claims in his complaint and amended complaint: (1) Medical service does not separate inmates with staph infections; (2) Inadequate medical services for minor injuries and maladies such as headaches, sprains, and colds; (3) Medical staff not administering prescribed medications when needed; and (4) Non-medical staff administering prescribed medications to inmates.

"Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) (citing *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir.1988)). The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. 97,102 (1976). This obligation arises from an inmate's complete dependency upon prison medical staff to provide essential medical services. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is

offended. *Id.* at 104. As such, "an inadvertent failure to provide adequate medical care" will not comprise an Eighth Amendment breach. *Id.* at 105-106.

In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). A medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied,* 500 U.S. 956 (1991). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Miltier v. Burton*, 896 F.2d 848, 851-52 (4th Cir. 1990) (citation omitted). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106. Mere negligence or malpractice does not violate the Eighth Amendment. *Id.* Moreover, disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

The plaintiff failed to allege facts that demonstrate that the defendant acted with deliberate indifference to his medical care. He makes only conclusory allegations without support of any kind. For instance, with regard to alleged failure to isolate inmates with staph infections, the plaintiff fails to indicate whether this has injured him in some manner. Furthermore, the plaintiff does not have standing to sue on behalf of other inmates.

The plaintiff has failed to allege that the defendant personally acted or failed to act in violation of his constitutional rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th

6

Cir. 1977) ("Having failed to allege any personal connection between [the defendant] and any denial of [the plaintiff's] constitutional rights, the action against him must fail."). "Liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." *Bennett v. Gravelle*, 323 F. Supp. 203, 214 (D. Md. 1971). In his response in opposition to the motion for summary judgment, the plaintiff contends that an "R.N. Paula" failed to give him the blood pressure medication he needed. However, there is no evidence that Sheriff DeWitt was in any way involved in the plaintiff's medical care (*see* Sheriff DeWitt aff. ¶¶ 4-5). Furthermore, the doctrine of *respondeat superior* generally is inapplicable to Section 1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge*, 550 F.2d at 928-29. The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Here, the plaintiff has failed to establish any of the elements required for supervisory liability.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the defendant's motion for summary judgment (doc. 50) be granted.

August 13 , 2010  
Greenville, South Carolina

s/Kevin F. McDonald  
United States Magistrate Judge